

RECEIVED
MAR 1 3 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

CHANNING CHRISTOPHER CREDEUR      CIVIL ACTION NO. 06-0858

VERSUS     JUDGE HAIK

JUSTIN MARTIN     MAGISTRATE JUDGE METHVIN
Individually and as a detective and
Ex-Officio of the University of Louisiana Lafayette Police Dept.
BOARD OF SUPERVISORS FOR THE
UNIVERSITY OF LOUISIANA SYSTEM

## ORDER REQUIRING RULE 7(a) REPLY

In this §1983 civil rights suit, plaintiff has sued defendant Justin Martin in his individual capacity. In his answer, defendant pleads qualified immunity.[1] The undersigned has therefore conducted an evaluation of plaintiff's complaint to determine whether it meets the applicable heightened pleading requirement. See Schultea v. Wood, 47 F.3d 1427, (5th Cir. 1995); Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996).

Plaintiff alleges as follows: Beginning in April, 2003, plaintiff was employed as a student police officer with the University of Louisiana at Lafayette Police Department. On May 23, 2005, plaintiff was arrested and charged with malfeasance in office. The arrest was made at the request of defendant Justin Martin. The Complaint is unclear regarding the basis for the malfeasance charge, however, plaintiff alleges that he was not interviewed during the investigation conducted prior to his arrest. Moreover, defendant Martin issued a statement that he was instructed by "higher ups" to arrest plaintiff.[2] The charges against plaintiff "were refused

---

[1] University police officers are entitled to plead the qualified immunity defense. Haggerty v. Texas Southern University, 391 F.3d 653 (5th Cir. 2004).

[2] Rec. Doc. 18 at Paragraph 34.

2

by the Lafayette Parish District Attorney's Office, Mike Harson."[3] Plaintiff maintains that due to his arrest, he was unable to secure employment with the Lafayette Parish City Police Department.

Qualified immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). One of the purposes of the qualified immunity defense is "avoidance of disruptive discovery" unless and until the plaintiff puts forward "specific, nonconclusory factual allegations" which would overcome the defense. Siegert v. Gilley, 500 U.S. 226, 236, 111 S.Ct. 1789, 1795 (1991) (Kennedy, J., concurring).

In Schultea, the Fifth Circuit addressed the tension between a plaintiff's right to notice pleading under Rule 8(a) and a government official's right to invoke the protection of the qualified immunity defense against the burden and expense of discovery. The court held that a district court may require a civil rights plaintiff to reply to an assertion of qualified immunity pursuant to Rule 7(a).[2222] Schultea, 47 F.3d at 1433-1434. District courts interpret this as more than a suggestion. "Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." Id. at 1434. Discovery may be banned at this stage, or limited to the issue of qualified immunity. "The

---

[3] Rec. Doc. 18 at Paragraph 32.

[2222] Rule 7(a) provides as follows:

> **(a) Pleadings.** There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

3

district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." Id.

The Schultea rule "is an instantiation of the more general principle that 'heightened pleading' is needed in qualified immunity cases." Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir.1999). "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injuries." Reyes 168 F.3d at 161, *citing* Wicks v. Mississippi State Employment Services, 41 F.3d 991, 995 (5 th Cir.1995).

Accordingly, when an officer or other official sued in his or her personal capacity asserts a qualified immunity defense in a civil rights action, the plaintiff must support his or her claim "with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." Schultea v. Wood, 47 F.3d 1427, 1434 (5th Cir. 1995).

**IT IS HEREBY ORDERED** that within twenty (20) days of the date of this order, the plaintiff shall file a reply to the qualified immunity defense pled by the defendant, Justin Martin. **The reply must allege with specificity the alleged basis for the malfeasance charges, the constitutional rights that were violated, the facts that support these allegations, the persons involved in these alleged violations, and the reasons that the asserted defense of qualified immunity is inapplicable**.

**IT IS FURTHER ORDERED** that defendant shall not file any response to plaintiff's reply; any response filed will be disregarded. The purpose of this order is to determine whether discovery should be banned or limited pending the filing by defendants of a motion to dismiss under Rule 12(b), or, alternatively, a motion for summary judgment. This process does not

4

absolve defendant(s) from filing a timely motion to dismiss or motion for summary judgment on the qualified immunity issue.

Signed at Lafayette, Louisiana on this 13th day of March, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140    FAX 593-5155

COPY SENT:
DATE: 3/13/07
BY: CW
TO: Mem