RECEIVED

MAY 1 7 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| **CHANNING CHRISTOPHER CREDEUR** | **CIVIL ACTION NO. 06-0858** |
| **VERSUS** | **JUDGE HAIK** |
| **JUSTIN MARTIN** | **MAGISTRATE JUDGE METHVIN** |

**Individually and as a detective and
Ex-Officio of the University of Louisiana Lafayette Police Dept.
BOARD OF SUPERVISORS FOR THE
UNIVERSITY OF LOUISIANA SYSTEM**

## HEIGHTENED PLEADING REVIEW AND ORDER STAYING DISCOVERY

Before the court is the Rule 7(a) Reply which plaintiff filed at the court's direction.[1]  In light of the assertion of qualified immunity by defendant Officer Justin Martin, the court must determine whether plaintiff meets the heightened pleading requirement required by Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995).  If not, the court must determine whether an order staying or limiting discovery is appropriate pending the filing and resolution of a dispositive motion by the defendant in question.

For the following reasons, the undersigned concludes that plaintiff has not "supported his claim[s] with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts."  Schultea v. Wood, 47 F.3d 1427, 1434 (5th Cir. 1995).  Thus, an order limiting discovery is necessary.[2]

---

[1] Rec. Doc. 25.

[2] Under Schultea, the Rule 7(a) reply and review process becomes a "checkpoint" for the court to review the appropriateness of allowing the plaintiff to proceed with full discovery when the defense of qualified immunity has been asserted.  In appropriate cases, the court may determine that discovery should be stayed or limited pending the filing and resolution of a Rule 12(b) motion to dismiss based upon qualified immunity.  In any event, it is the defendant's ultimate obligation to request a stay of discovery where appropriate, and/or to file a timely motion to dismiss.  See Estate of Sorrells v. City of Dallas, 192 F.R.D. 203 (N.D.Tex.2000) (discussing the historical efforts of courts to address the qualified immunity defense at an early state of litigation, and the procedural pitfalls involved).

2

### *Findings and Conclusions*

Plaintiff alleges the following facts: Beginning in April, 2003, plaintiff was employed as a student police officer with the University of Louisiana at Lafayette Police Department. In December, 2004, he arrived home and Lance Beal, along with plaintiff's roommate and friend were at his apartment. Plaintiff was not in his police uniform, nor had he worked that day. Beal mentioned that he had quit a UL fraternity because of hazing problems. He did not describe the kind of hazing. Six months later, Beal filed a written report with university police that he had been hazed by the fraternity and that he had told plaintiff about the hazing. On May 23, 2005, plaintiff was arrested and charged with malfeasance in violation of La. R.S. 14:134 at the "request" of defendant Martin.[3] Plaintiff was not interviewed prior to his arrest, and defendant Martin told plaintiff's father that "he was instructed by 'higher ups' to have Channing arrested."[4] The charges were dismissed by the 15th Judicial District Attorney. Plaintiff maintains that due to his arrest, he was unable to secure employment with the Lafayette Parish City Police Department and that his reputation and earning capacity was damaged.

Plaintiff alleges a violation of his Fourth Amendment rights against unreasonable searches and seizures as well as a violation of his Fifth Amendment right against denial of due process without law.[5]

---

[3] Rec. Doc. 18 at Paragraphs 27 and 33.

[4] Rec. Doc. 18 at Paragraph 34.

[5] Rec. Doc. 25.

3

The Fourth Amendment protects "[t]he right of the people to be secure in their persons,

houses, papers, and effects, against unreasonable searches and seizures." A warrantless arrest is

reasonable under the Fourth Amendment where there is probable cause to believe that a criminal

offense has been or is being committed. *See* United States v. Watson, 423 U.S. 411, 417-424, 96

S.Ct. 820, 46 L.Ed.2d 598 (1976); Brinegar v. United States, 338 U.S. 160, 175-176, 69 S.Ct.

1302, 93 L.Ed. 1879 (1949). Whether probable cause exists depends upon the reasonable

conclusion to be drawn from the facts known to the arresting officer at the time of the arrest.

Maryland v. Pringle, 540 U.S. 366, 371, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003).  Probable cause

exists when the facts and circumstances as known to the officers at the time would "warrant a

prudent man [to] believe that the [plaintiff] had committed or [was] committing an offense."

Martin v. Thomas, 973 F.2d 449, 453 (5th Cir.1992).  "It is irrelevant that the [plaintiff was] not

ultimately convicted."  Mitchell v. City of Jackson,  2007 WL 870385, *1 (5th Cir. 2007).

Plaintiff was charged with malfeasance in office.  Louisiana R.S. 14:134 states, in part:

Malfeasance in office is committed when any public officer or public employee
shall:

(1) Intentionally refuse or fail to perform any duty lawfully required of him, as
such officer or employee
***
Any duty lawfully required of a public officer or public employee when delegated
by him to a public officer or public employee shall be deemed to be a lawful duty
of such public officer or employee. The delegation of such lawful duty shall not
relieve the public officer or employee of his lawful duty.
***
Whoever commits the crime of malfeasance in office shall be imprisoned for not
more than five years with or without hard labor or shall be fined not more than
five thousand dollars or both.

Thus, with regard to the allegedly unconstitutional arrest, defendant is entitled to

qualified immunity if a reasonable officer in his position could have concluded that there was

4

probable cause to believe that plaintiff had committed the offense of malfeasance. The

evaluation in a Schultea review is not whether the arrest was lawful but whether plaintiff has

stated his claim "with sufficient precision and factual specificity to raise a genuine issue as to the

illegality of defendants' conduct at the time of the alleged acts." Schultea, 47 F.3d at 1434.

Here, plaintiff has not addressed probable cause, but rather has only stated that defendant Martin

had plaintiff arrested "not because it was 'reasonable' to do so, but because he was instructed by

'higher ups.'"[6] This falls far short of the precision and specificity required under Schultea to

raise a genuine issue as to the illegality of defendant's conduct. Plaintiff does not allege that he

was arrested without a warrant. If there was a warrant, then plaintiff is obliged to explain why

the warrant does not constitute probable cause. If there was no warrant, plaintiff must

affirmatively state this fact.

Defendants directly address the grounds for plaintiff's arrest in their Rule 26(f) response:

After Beal told Channing of the hazing he had endured, not only did Channing fail to report it, but he told Kip Duplechin, an active member of the Sigma Nu fraternity, that he was aware of the hazing that was going on and that he was not going to do anything about it unless Beal pressed him to pursue the matter in his capacity as a University Police officer.

\*\*\*

Prior to Channing's arrest, Defendants thoroughly and extensively investigated this matter before Channing was arrested. During their pre-arrest investigation, they corroborated the information they received from Beal that Channing knew about the hazing while he was a University Police officer but didn't do anything about it.

Credeur gave a written statement after he was arrested, and in his statement, he admitted that while he was a University Police officer, he told Duplechin, an active member of Sigma Nu, that he knew about the hazing that was going on by

[6] Rec. Doc. 25.

5

Sigma Nu fraternity, but that he was not going to get involved unless Beal told him he wanted the police to pursue the matter.[7]

Under the specific facts alleged by defendants, therefore, defendant Martin had probable cause to have plaintiff arrested for malfeasance because plaintiff was a UL police officer who was told of criminal activity at UL, but did not act on the information he was provided. Defendant Martin would accordingly be entitled to qualified immunity under those facts.

It is noted that in his Rule 7(a) reply, plaintiff argues that additional time is necessary to conduct discovery regarding the qualified immunity defense. The purpose of Schultea is to avoid the time and cost involved in defending a suit where the defense of qualified immunity may be dispositive. In Saucier v. Katz, 121 S.Ct. 2151 (2001) the Supreme Court once again emphasized the importance of resolving the issue of qualified immunity "at the earliest possible stage of litigation," and before subjecting defendants to the full costs of discovery:

> In a suit against an officer for an alleged violation of a constitutional right, the requisites of a qualified immunity defense must be considered in proper sequence. Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive. Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Ibid. As a result, "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam).

Saucier v. Katz, 121 S.Ct. at 2156.

Based upon the foregoing analysis, the undersigned concludes that plaintiff has failed to meet the heightened pleading requirement of Schultea. Accordingly, discovery pertaining to

---

[7] Rule 26(f) Report, Paragraph 5.

6

defendant Martin should be stayed with the exception of discovery relevant to the issue of

qualified immunity. Furthermore, deadlines will be imposed for conclusion of such discovery

and for defendant Martin to file a motion for summary judgment on the qualified immunity issue.

**IT IS THEREFORE ORDERED** that discovery in this case as it relates to defendant

Martin is limited to the issue of the qualified immunity defense pled by defendant pending

further court orders.

**IT IS FURTHER ORDERED** that discovery related to qualified immunity shall be

concluded no later than **June 29, 2007.**

**IT IS FURTHER ORDERED** that defendant Martin shall file a motion for summary

judgment on the issue of qualified immunity on or before **July 27, 2007.**

Signed at Lafayette, Louisiana on May _____ 17 _____, 2007.

COPY SENT:
DATE: 5/18/07
BY: CW
TO: mem

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140     FAX 593-5155